VILA *v.* MORALES.

APPEAL from the District Court of Humacao.

No. 23.—Decided October 12, 1905.

APPEAL—ORDER REFUSING TO APPOINT A TRUSTEE.—An order refusing to appoint a trustee is an interlocutory order, and not being included within those expressly enumerated by section 295 of the Code of Civil Procedure is not an order which is appealable to the Supreme Court.

The facts are stated in the opinion.

*Mr. Lopez Landron* for appellant.

*Mr. Sarmiento* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This appeal was filed in this court on the 16th of March, 1905. It is taken from an order of the District Court of Humacao, made on the 7th of February last, overruling a motion asking for the appointment of a receiver. The order denying the motion does not appear in the record, but from other documents it can be inferred that such was the purport of it. It is so stated in the notice of appeal filed by counsel for appellant in the district court on the 10th of February last. The purport of the motion can also be inferred from appellant's brief filed in this court. The reason assigned by the district court for denying the motion seems to have been that the fraud alleged did not appear to have been sufficiently proved.

But it matters not what may have been the ground upon which the district court based its order. The first question for this court to decide in the case of an appeal presented for its determination is one of jurisdiction. Section 295 of the Code of Civil Procedure (Laws of 1904, pp. 273-274) defines the appellate jurisdiction of this court. The cases in which appeals can be taken from the district court to the Supreme Court are there divided into three classes. The first has reference to final judgments on cases originally brought in

the district court. The second has reference to judgments rendered on appeal in the district court from an inferior court. The third has reference to interlocutory orders made by the district court in the progress of a case between the filing of the complaint and the rendition of final judgment, and to other special orders made after final judgment.

The order appealed from being an interlocutory order must be governed by the third paragraph of the section above cited. Of the seven classes of orders mentioned in that section, an order refusing to appoint a receiver is not enumerated. There is no class into which such an order can be, by any fair and legitimate construction, placed or included.

Inasmuch as the jurisdiction of this court is defined by the Code of Civil Procedure, particularly by the section thereof herein before cited, it plainly appears that this court has not appellate jurisdiction in this matter, and for that reason this appeal must be dismissed.

*Dismissed.*

Chief Justice Quiñones and Justices Hernandez, Figueras and Wolf concurred.